## MINNIE E. LATTA v. JOSEPH MILLER and Others.[1]

November 17, 1911.

Nos. 17,436—(59).

**Question for jury.**

Whether a certain show was conducted by defendants as individuals, or by a de facto corporation, was a question for the jury, and the verdict, involving a finding that it was conducted by defendants as individuals, is sustained by ample evidence. [Reporter.]

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The complaint alleged that plaintiff paid the required fee and attended a show given by defendants; that the seats in the amphitheater were so arranged that it was necessary to ascend by stepping from one seat to another; that the seat to which plaintiff was shown was about the fifteenth seat from the bottom seat in the amphitheater; that at the close of the performance as she was about to descend to the ground, she stepped down and upon the seat next below her; that as she did so, the seat upon which she stepped broke, throwing her to the ground a distance of six or eight feet and causing the injuries of which she complained.

The second amended answer denied that defendants were copartners, or that there had ever existed a copartnership between them or that they had ever been engaged in or conducted what was commonly known as "101 Ranch Wild West Show."

[1] Reported in 133 N. W. 1133.

The case was tried before Hallam, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying defendants' alternative motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Thomas J. Newman,* for appellants.

*B. F. Latta* and *W. G. Bonham,* for respondent.

PER CURIAM.

In this, a personal injury action, the plaintiff upon the trial obtained a verdict against the defendants. From an order denying their alternative motions for judgment or a new trial, the defendants appeal to this court.

The principal question raised upon this appeal is whether the evidence sustains a verdict against these defendants. Plaintiff received an injury while attending a performance billed and advertised as "Miller Bros.' 101 Ranch Wild West Show" by the breaking of a board used as a seat. The defendants claim that they were not the proprietors of or persons conducting the show, but that a corporation organized with the name "101 Ranch Wild West Show" and the Robbins Company conducted the show, and that the defendants individually were mere salaried agents. Concededly the evidence did not establish the existence of such a corporation de jure. There was some evidence tending to show that these defendants and two other brothers organized a company which thereafter conducted the show as a de facto corporation. On the other hand it appeared that the show was advertised as above stated, indicating that Miller Brothers were the proprietors; that the two defendants against whom the verdict was rendered were present at performances, assuming a general direction of the business connected with the show, and that a contract under which the show was being conducted was made by Miller Brothers, as individuals, and not by the corporation. In this condition of the evidence it was clearly a question of fact for the jury whether the show was being conducted by the defendants as individuals or by a de facto corporation. The verdict of the jury involving a finding that the show was being conducted by the defendants as individuals is sustained by ample evidence. We find no errors in the rulings of the court admitting evidence or in the charge submitting the case to the jury. The motions of the defendants were properly denied.

Affirmed.